UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| JAMES STEPHENS, | ) |
| Petitioner, | ) |
| vs. | ) No. 1:17-cv-00132-SEB-MJD |
| DUSHAN ZATECKY, | ) |
| Respondent. | ) |

**Entry Denying Petition for Writ of Habeas Corpus and Motion for Summary Judgment and Directing Entry of Final Judgment**

The petition of James Stephens for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 challenges the failure of the Indiana Department of Correction ("IDOC") to restore good time credits that were lost through several disciplinary proceedings. For the reasons explained in this entry, Mr. Stephens' habeas petition must be **denied.**

**I. Disciplinary Background**

**A. Mr. Stephens' loss of good-time credits**

In November 1999, Mr. Stephens was convicted of three counts of Class B felony burglary and sentenced to an aggregate term of 54 years' imprisonment. Dkt. 14-2. Mr. Stephens was sentenced to consecutive terms of 20 years, 20 years, and 14 years. *Id.*; dkt. 14-1 at p. 1. Due to jail-time credit he received for the time he spent in jail prior to sentencing, his effective date of sentencing (i.e., the date on which his first 20-year sentence began to run) was July 30, 1998. Dkt. 14-1 at pp. 1-2. Mr. Stephens was placed on parole status for his first 20-year sentence on March 5, 2010, and began serving his next 20-year term the following day, making his effective date of sentencing for the second 20-year sentence March 6, 2010. Dkt. 14-1 at pp. 1, 3, 5, 7. Assuming Mr. Stephens remains in his current credit class (credit class I) and neither loses nor

earns additional credit time, he will be placed on parole for his current 20-year sentence on June 11, 2020, and start serving his consecutive 14-year term the following day, which would make his effective date of sentencing for the 14-year term June 12, 2020. Dkt. 14-1 at pp. 1, 5, 8. Assuming Mr. Stephens remains in credit class I and neither loses nor earns additional time (nor is convicted of another crime), he will be placed on parole for his 14-year term and released from prison on June 12, 2027. Dkt. 14-1 at pp. 1, 8.

During his time in the IDOC, Mr. Stephens has been the subject of multiple disciplinary proceedings in which he has lost good-time credit. Dkt. 14-1 at pp. 10–18. At least five of those disciplinary proceedings are relevant to Mr. Stephens' claim in this action.

On March 7, 2003, Mr. Stephens was charged in case ISR 03-03-0098 with violating prison rules. Dkt. 14-1 at p. 19; dkt. 14-3 at pp. 9–11. He was found guilty at a disciplinary hearing held on March 18, 2003, and sanctioned with a 45-day loss of earned credit time. Dkt. 14-1 at pp. 4, 20; dkt. 14-3 at p. 3.

On October 12, 2007, Mr. Stephens was charged in case ISR 07-10-0220 with violating federal law. Dkt. 14-4 at p. 5. He was found guilty as charged at a disciplinary hearing held on October 30, 2007, and sanctioned with a 730-day loss of earned credit time, a demotion to credit class III, and an order to make restitution to the IRS. Dkt. 14-1 at pp. 21–22; dkt. 14-1 at p. 6.

On November 2, 2007, Mr. Stephens was charged in case ISR 07-11-0039 with counterfeiting/forging documents based on phony documents he submitted to the hearing officer in case ISR 07-10-0220. Dkt. 14-1 at p. 23; dkt. 14-5 at p. 8. Mr. Stephens was found guilty as charged at a disciplinary hearing held on November 19, 2007, and sanctioned with a 180-day loss of earned credit time. Dkt. 14-1 at pp. 4, 24; dkt. 14-5 at p. 7.

On November 20, 2007, Mr. Stephens was charged in case ISR 07-11-0216 with attempted trafficking. Dkt. 14-1 at p. 25; dkt. 14-6 at p. 6. Mr. Stephens was found guilty at a disciplinary hearing held on December 12, 2007, and sanctioned with one-year in disciplinary segregation and a 730-day loss of earned credit time. Dkt. 14-1 at p. 26; dkt. 14-6 at p. 7. Mr. Stephens' credit-calculation records show that he instead was demoted to credit class II and lost only 120 days' good-time credit. Dkt. 14-1 at p. 3.[1]

On April 16, 2010, Mr. Stephens was charged in case ISR 10-04-0174 with attempted trafficking. Dkt. 14-1 at p. 27; dkt. 14-7 at pp. 5–6. Mr. Stephens was found guilty as charged at a disciplinary hearing held on April 20, 2010, and sanctioned with a 30-day loss of earned credit time and a demotion to credit class II. Dkt. 14-1 at pp. 6, 28; dkt. 14-7 at p. 3. This April 2010 discipline occurred after Mr. Stephens had started serving his second 20-year sentence, and so the 30-day deduction occurred on that sentence.

Mr. Stephens lost a total of 1,105 days' earned good-time credit from those five disciplinary proceedings (45 + 730 + 180 + 120 + 30 = 1,105). Dkt. 14-1 at pp. at 3–4, 6.

On July 8, 2015, Mr. Stephens was found guilty of offense A-121, possession of a cell phone, in case ISR 15-07-0008, based on an incident that occurred on July 1, 2015. Dkt. 14-1 at pp. 10, 31, 32. Mr. Stephens was sanctioned with a written reprimand and six months in disciplinary segregation. *Id.*

## II. IDOC Policies Regarding Restoration of Credit Time

The Indiana legislature has given the IDOC discretion to restore any part of an offender's credit time that is revoked as a result of a disciplinary proceeding. *See* Ind. Code § 35-50-6-5(c) (Supp. 2015); *Campbell v. State*, 714 N.E.2d 678, 683–84 (Ind. Ct. App. 1999), *overruled in part*

---

[1] Mr. Stephens disputes that only 120 days were taken. The Court need not attempt to resolve this discrepancy, however, because its ruling is not based on the various amounts of credit time lost or restored.

*on other grounds by Robinson v. State*, 805 N.E.2d 783, 791 (Ind. 2004). Specifically, the statute provides that "[a]ny part of the educational credit or good time credit of which a person is deprived under this section may be restored." Ind. Code § 35-50-6-5(c) (Supp. 2015); *accord* Ind. Code § 35-50-6-5(c) (2014) ("Any part of the credit time of which a person is deprived under this section may be restored."); Ind. Code § 35-50-6-5(c) (2008) (same); Ind. Code § 35-50-6-5(c) (1998) (same).

The IDOC has established a policy for the relevant decision-makers at each facility to follow when restoring offenders' previously deprived credit time. The Disciplinary Code for Adult Offenders ("DCAO") instructs facility decision-makers on how to carry out the IDOC's legislatively conferred discretion. It is sufficient to note that the DCAO has been modified over the years. Mr. Stephens argues that the 2015 DCAO policy was retroactively applied to his losses of credit time that occurred in 2003, 2007, and 2010.

The IDOC most recently reissued the DCAO, effective June 1, 2015, to clarify some of the provisions concerning the restoration of credit time. Dkt. 14-14 at 45–52, § IX(E)(9). This is the current version of the DCAO. http://www.in.gov/idoc/3265.htm (policy 02-04-101). The current policy clarifies that an offender is ineligible for restoration of credit time if he is found guilty of violating one or more of several A-level offenses, including offense A-121 (possession of a cell phone), after June 1, 2015, the effective date of the current policy. *Id.* at 46–47, § IX(E)(9)(a)(3). Under the current policy, the credit time requested to be restored must have been deprived "while serving the current commitment period, active sentences only," and the total maximum amount that can be restored is 50% of "the cumulative amount of restorable earned credit time." *Id.* at 48, § IX(E)(9)(d).

## III. Prior Proceedings

As noted, Mr. Stephens lost a total of 1,105 days' earned good-time credit from the five disciplinary proceedings he listed in his petition. In March 2009, Mr. Stephens filed a petition for restoration of previously deprived credit time. That petition was granted and 57 days of good-time credit were restored. Dkt. 14-1 at p. 3; dkt. 14-8. Mr. Stephens filed another petition for restoration in May 2011, which was approved, thus restoring eight days, or 25%, of the 30 days he had lost in case ISR 10-04-0174 in April 2010. Dkt. 14-1 at p. 6; dkt. 14-15. Therefore, a total of 65 of those days have been restored.

On July 24, 2016, Mr. Stephens filed another petition for restoration. Dkt. 1-1 at p. 2. His petition was denied on July 26, 2016, on the ground that Mr. Stephens is ineligible for restoration of credit time under the June 2015 DCAO because he was found guilty on July 8, 2015, of offense A-121. Dkt. 1-1 at pp. 1–2; dkt. 14-14 DCAO at pp. 46–47, § IX(E)(9)(a)(3)(h).

On September 6, 2016, Mr. Stephens brought a habeas petition under 28 U.S.C. § 2254 in No. 1:16-cv-2384-RLY-MPB. In that petition, Mr. Stephens sought restoration of the credit time he lost in the same prison discipline cases he discusses here: ISR 03-03-0098, ISR 07-10-0220, ISR 07-11-0039, ISR 07-11-0216, and ISR 10-04-0174. Dkt. 14-16 at pp. 1, 15. He claimed that his due process rights were violated because he had a liberty interest in the restoration of the credit time he lost and that changes in the 2015 version of the DCAO unlawfully deprived him of that interest. *Id.* at pp. 5–6. On September 13, 2016, the Court denied Mr. Stephens' petition on the ground that Mr. Stephens did not have a protected liberty interest in the restoration of previously earned good-time credits. Dkt. 14-17. On April 19, 2017, in response to a motion filed by Mr. Stephens, the Court clarified that the final judgment entered on September 13, 2016, was an adjudication on the merits. Dkt. 14-20.

On January 12, 2017, Mr. Stephens filed this habeas petition. Again, he seeks restoration of the credit time he lost in discipline cases ISR 03-03-0098, ISR 07-10-0220, ISR 07-11-0039, ISR 07-11-0216, and ISR 10-04-0174. Dkt. 1. This time, rather than allege a violation of his due process rights, he asserts that the application of the June 2015 DCAO to render him ineligible for restoration of any credit time violates the *Ex Post Facto* Clause. *Id.*

### IV. Discussion

As noted, Mr. Stephens claims that he is entitled to habeas relief because the June 2015 version of the DCAO, under which he is ineligible for restoration of any credit time by virtue of his July 2015 disciplinary conviction for offense A-121 (possession of a cell phone), violates the *Ex Post Facto* Clause. Dkt. 1 at 3–5; dkt. 29 at 2.

The respondent responds that Mr. Stephens' habeas petition is barred for three reasons: 1) failure to exhaust; 2) *res judicata*; and 3) his *ex post* facto claim lacks merit. The Court need only discuss the first defense of exhaustion.

Habeas petitioners must exhaust their available state court remedies before coming to federal court.

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that--
> **(A)** the applicant has exhausted the remedies available in the courts of the State; or
> **(B)(i)** there is an absence of available State corrective process; or
> **(ii)** circumstances exist that render such process ineffective to protect the rights of the applicant.

28 U.S.C. § 2254(b)(1).

Mr. Stephens asserts that prison disciplinary sanctions are not subject to judicial review and so he need not exhaust. Mr. Stephens is only partially correct. Disciplinary sanctions are not subject to judicial review in Indiana. *See Blanck v. Ind. Dept. of Corr.*, 829 N.E.2d 505 (Ind.

2005). This habeas petition, however, does not challenge any particular disciplinary action. Rather, Mr. Stephens alleges that the application of IDOC policies relating to the restoration of some of his good time credit violates the Constitution.

In *Young v. Ind. Dept. of Corr.,* 22 N.E.3d 716 (Ind. Ct. App. 2014), the Indiana Court of Appeals reviewed an Indiana state court decision in an inmate's challenge to the constitutionality of the IDOC's policy concerning the restoration of credit time. As the Northern District of Indiana ruled in *Lashbrook v. Superintendent,* No. 3:17-cv-184-JD, 2017 WL 4683197 (N.D. Ind. Oct. 18, 2017), the *Young* case "demonstrates Indiana courts will adjudicate the ex post facto claim raised in this case." *Id.* This Court agrees and finds that Mr. Stephens has failed to present his claim to the State courts. Therefore, habeas relief is not available here.

When a district court dismisses a habeas corpus petition for lack of exhaustion, it must "consider whether a stay is appropriate [when] the dismissal would effectively end any chance at federal habeas review." *Dolis v. Chambers*, 454 F.3d 721, 725 (7th Cir. 2006). Here, Mr. Stephens is not challenging his state court conviction, so the one-year statute of limitations in 28 U.S.C. § 2244(d) does not apply. *See Cox v. McBride*, 279 F.3d 492, 493 (7th Cir. 2002). Because Mr. Stephens may still file a habeas corpus action after he presents his claim to the Indiana courts, a stay is not appropriate.

## V. Conclusion

Mr. Stephens has failed to exhaust his state court remedies and has not shown the existence of circumstances permitting him to overcome this hurdle. His petition is therefore

**denied without prejudice**.  Mr. Stephen's motion for summary judgment, filed on May 7, 2018, dkt. [27], is **denied as moot.** Judgment consistent with this Order shall now issue.

  **IT IS SO ORDERED.**

Date: _____5/21/2018_____

_Sarah Evans Barker_
SARAH EVANS BARKER, JUDGE
United States District Court
Southern District of Indiana

Distribution:

JAMES STEPHENS
996056
PUTNAMVILLE - CF
PUTNAMVILLE CORRECTIONAL FACILITY
Electronic Service Participant – Court Only

Aaron T. Craft
INDIANA ATTORNEY GENERAL
aaron.craft@atg.in.gov